```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| Melissa Haligas, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22 C 313 |
| | ) |
| City of Chicago, Richard | ) |
| McCallum, and Juan Delgado, | ) |
| | ) |
| Defendants. | ) |

<u>Memorandum Opinion and Order</u>

On January 30, 2020, Chicago Police Officers Richard McCallum and Juan Delgado responded to a child custody dispute between plaintiff Melissa Haligas and her ex-husband. During the encounter, the officers allegedly handcuffed plaintiff and detained her in a squad car before releasing her without booking or charge. Plaintiff brings this Section 1983 suit against the officers, claiming false arrest, excessive force, and failure to intervene. She also brings *Monell* claims against the City of Chicago ("City") for an unconstitutional custom of escalating encounters unnecessarily and the City's failure to train officers to properly handle situations in which parents are accused by co-parents of violating court orders regarding parenting time. Defendants now jointly move to bifurcate trial of plaintiff's

*Monell* claims from her claims against the officers and to stay discovery on the *Monell* claims. Defendants also seek entry of a Limited Consent to Entry of Judgment (the "Limited Consent"), in which the City agrees to entry of judgment against it for compensatory damages and attorney's fees if plaintiff succeeds on her claims against the individual officers, even if the officers are entitled to qualified immunity. Dkt. No. 61-1.

Federal Rule of Civil Procedure 42(b) provides that I may bifurcate trial on claims or issues to "prevent prejudice to a party or promote judicial economy." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (citation omitted). "If one of these criteria is met, [I] may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Id.* (citations omitted). Rule 26(d) allows me to likewise bifurcate and stay discovery on certain claims or issues. *See, e.g.*, *Jones v. City of Chicago*, No. 98 C 5418, 1999 WL 160228, at *3 (N.D. Ill. Mar. 10, 1999).

Motions to bifurcate *Monell* claims are now commonplace and "there is a growing body of precedent for both granting and denying" such motions. *Trexler v. City of Belvidere*, No. 20 CV 50113, 2021 WL 493039, at *1 (N.D. Ill. Feb. 10, 2021) (citations omitted). "[T]he result in each instance 'reflects a case-specific assessment of the advantages and disadvantages of bifurcation.'" *Terry v. Cook County Dep't of Corrs.*, No. 09 C 3093, 2010 WL

2720754, at *1 (N.D. Ill. July 8, 2010) (quoting *Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *1 (N.D. Ill. July 16, 2008)).

Bifurcation in this case would promote judicial economy because if plaintiff's Section 1983 claims against the individual officers fail, it will likely be unnecessary to litigate her *Monell* claims. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Thus, bifurcation could avoid discovery and trial on the *Monell* claims altogether. As a general matter, *Monell* claims "can add significant time, effort, and complications to the discovery process," as well as other burdens. *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000).

In this vein, defendants emphasize that *Monell* discovery will "dwarf" the discovery needed for plaintiff's claims against the individual officers, citing what they characterize as burdensome discovery requests by plaintiff. *See* Dkt. No. 61-2 (Plaintiff's First Requests for Production to Defendant City of Chicago).

In particular, Request No. 10, seeks documents over a 10-year period regarding encounters in which police officers unnecessarily escalated a situation, arrested citizens for non-arrestable offenses, used excessive force, or arrested citizens without probable cause. Dkt. No. 61-2. Defendants ran a search on the publicly available statistics from the Civilian Office of Police Accountability ("COPA") for complaints where excessive force or

3

Fourth Amendment violations were the primary allegation. That search returned 3,476 complaints of excessive force and 5,658 complaints of Fourth Amendment violations for the period of 2016 through 2020. They assert that these numbers give a sense of the time and expense that will be incurred in responding to plaintiff's *Monell* discovery requests. Plaintiff suggests that defendants have interpreted this request too broadly, asserting that she intends to focus her claims on unnecessary escalation. But the plain text of the discovery request indicates no such restraint.

Furthermore, plaintiff's claim against the individual officers concerns an incident lasting less than one day. The alleged events, if true, are serious, but the discovery needed to determine what happened that day will pale in comparison to that needed to litigate plaintiff's *Monell* claims. Even if plaintiff only retains a single *Monell* expert--and that is by no means a certainty--expert discovery is particularly burdensome in *Monell* cases. *See Bradford v. City of Chicago*, No. 16 CV 1663, 2019 WL 5208852, at *2 (N.D. Ill. Oct. 16, 2019) (noting expert discovery in particular while discussing the "significant amount of work" associated with *Monell* claims); *Saunders v. City of Chicago*, 146 F. Supp. 3d 957, 968 (N.D. Ill. 2015) ("[C]laims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts . . . ." (quotation omitted)).

4

Because defendants have shown that bifurcation would promote judicial economy, I may exercise my discretion to "order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Chlopek*, 499 F.3d at 700 (citations omitted). Defendants argue that plaintiff would not suffer any prejudice because under the proposed Limited Consent, the City would pay compensatory damages and attorney's fees if plaintiff prevails on her claims against the officers, even if they are entitled to qualified immunity. Limited Consent ¶¶ 4-5.

Plaintiff does not contest that, if successful on her claims against the officers, she would have no more to gain by way of monetary damages if she also prevailed on her *Monell* claim. But she argues that there are non-economic reasons to pursue her *Monell* claim, such as deterrence and reform. "Courts have long recognized and acknowledged the validity and importance of non-economic objectives a plaintiff may have for their litigation," including deterrence and reform. *Trexler*, 2021 WL 493039, at *6 (citations omitted). Litigating a *Monell* claim is no small undertaking for a plaintiff, and Haligas' commitment to doing so underscores the significance she places on it. *See Cadiz v. Kruger*, No. 06 C 5463, 2007 WL 4293976, at *6 (N.D. Ill. Nov. 29, 2007).

Plaintiff also raises a novel reason for why bifurcation would prejudice her. She argues that, depending on how discovery shakes out, she may decide to drop her claim against the individual

5

officers and take only the *Monell* claims to trial. This might make strategic sense if, for example, she determines that a jury would be more sympathetic to the individual officers than to the City. Bifurcation would preclude this possibility. On the other hand, winning a *Monell* claim is, as a general matter, almost certainly more difficult than winning a claim against individual officers. *See id.* at *6 (observing most plaintiffs opt against adding *Monell* claims). Indeed, as plaintiff acknowledges, even if she only went to trial on her *Monell* claims, she would still need to prove unconstitutional conduct by the officers.

On balance, I find bifurcation appropriate. I also find the Limited Consent is proper as a stipulation of the sort that the Seventh Circuit has held achieves "the goal of avoiding unnecessary complexity and effort." *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015).

Accordingly, defendants' motion to bifurcate the *Monell* claims from plaintiff's other claims and to stay discovery and trial on the *Monell* claims is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: May 3, 2023