## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA HALIGAS, | ) | |
| | ) | Case No. 22-cv-313 |
| Plaintiff, | ) | |
| | ) | Judge Elaine E. Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Young B. Kim |
| CITY OF CHICAGO, RICHARD | ) | |
| MCCALLUM, and JUAN DELGADO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56.1(b)(3)
## STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), Defendant, City of Chicago, by and through one of its attorneys, Maxwell Lisy, and Defendant Officers, Richard McCallum, and Juan Delgado, by and through one of their attorneys, Tyler D. Michals, Assistant Corporation Counsel, for their response to Plaintiff's Statement of Additional Facts in Opposition to Defendants' Motion for Summary Judgment, states as follows:

## GENERAL OBJECTIONS

Local Rule 56.1(b)(3)(C) provides that a party opposing a motion for summary judgment should file a statement consisting of "any additional facts that require denial of summary judgment, including references to affidavits, parts of the record and other supporting materials relied upon." *See* N.D. Ill. L.R. 56.1. "The Seventh Circuit has repeatedly held that a district court is entitled to expect strict compliance with Local Rule 56.1." *See Barth v. Village of Mokena*, 2006 WL 862673, at *1 (N.D. Ill. 2006).

In this case, Plaintiff's Statement of Additional Facts contains many facts that that are immaterial and do not preclude this Court from granting Defendants' motion for summary judgment.

1

*See Outlaw v. Newkirk*, 259 F. 3d 833, 837 (7th Cir. 2001) ("irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute."); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (noting that "material facts includes 'facts pertinent to the outcome of the issues identified in the summary judgment motion.'"). The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact as to the issues presented in the motion." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986) (emphasis added). Moreover, Plaintiff's Statement of Additional Facts contains facts that mischaracterize the evidence upon which they purport to rely and therefore, should be stricken. *See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011) (striking portions of the plaintiffs' additional statement of facts that mischaracterize the evidence on which they purport to rely); *see also Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006) (Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" may be stricken.)

As Plaintiff's Statement of Additional Facts is noncompliant with Local Rule 56.1, this Court should strike PSOAF in its entirety.

## PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

### A. Defendants Did Not Reasonably Believe Haligas Was Committing a Crime

1.  Before deciding whether Haligas was violating her and Howard's parenting time agreement, Defendants knew they needed to review the order and identify all the language relevant to the violation at issue. Benigno Dep. 50:4–51:8, attached hereto as **Exhibit 4** (officers trained in those principles); ECF No. 96-6, Delgado Dep. 60:20–62:16; ECF No. 96-5, McCallum Dep. 59:6– 12 (need to read order); *id.* at 61:11–15 (need to read entire order); *id.* at 63:12–64:6 (need to be familiar with content of entire order to focus on relevant sections).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without

waiving their objection, Defendants admit that it was necessary to review the order and identify the language that was relevant to the parenting violation at issue. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

2.      Defendants also knew they needed to understand the order language they read before deciding whether Haligas had violated any provision of the agreement. Ex. 4, Benigno Dep. 50:4–51:8; ECF No. 96-6, Delgado Dep. 57:23–58:4; *id.* at 129:9–22 (officers needed to understand the order to decide which parent is entitled to parenting time); *id.* at 130:8–13 (same); ECF No. 96-5, McCallum Dep. 62:1–6.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Defendants admit that it was necessary to understand the order to the extent that it dictated which parent was entitled to have custody of M.H. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

3.      Defendants knew that if they were confused about what they read in the parenting time order, they needed to call a supervisor for help before acting. Ex. 4, Benigno Dep. 51:20– 52:10; *id.* at 53:10–14 (officers are trained that they can't make an arrest without probable cause to believe a crime is being committed).

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Further, this purported fact relates to what knowledge Officers had, but the citation is to the testimony of Lt. Benigno. Moreover, Lt. Benigno's testimony does not support the information set forth in Plaintiff's purported "fact." Rather, it directly contradicts the assertion that Officers *needed* to call a supervisor if there was confusion about the parenting order. In fact, as Plaintiff's counsel asked during Lt. Benigno's deposition, it's not even clear that in such circumstances Officers "should" have gotten a supervisor before making an arrest. In any event, there was no guidance on this particular point either way:

> [Plaintiff's Counsel]. Are officers taught that if there's confusion about what a parenting time order says, they should get a supervisor before making an arrest?
>
> [Lt. Benigno]. So there -- there's no guidance to that specifically for parenting orders. Generally, officers are taught that if they're not sure about something, to get a supervisor there. Now, the -- in terms of before taking any course in action, acting any course of action, that's not necessarily outlined. Obviously, it's better to get a Sergeant before taking a course of action, but that's not always practical. We only have so many Sergeants.

*Pl.'s Statement of Additional Facts* ("PSOAF"), **Ex. 4**, *Lt. Benigno Deposition*, 52:11-25. Therefore, the cited testimony does not support Plaintiff's additional fact and this paragraph should be stricken as Plaintiff has mischaracterized the testimony. *See Brown*, 2011 WL 6753995, at *4; *see also Cady*, 467 F. 3d at 1060.

4.     Defendants knew the parenting agreement was set out over multiple orders. ECF No. 96-5, McCallum Dep. 87:8–24 (McCallum knew from reading the document Howard gave him that "there was multiple orders"); ECF No. 96-6, Delgado Dep. 220:2–224:5 (Delgado asking Howard about additional orders after arresting Haligas).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officer McCallum admits that he knew that the parenting agreement was set out across multiple orders. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

5.     Delgado did not read any parenting time orders at all. ECF No. 96-6, Delgado Dep. 70:13–19 (Delgado never looked at Howard's phone); id. at 131:4–10 (Delgado never looked at parenting order).

**RESPONSE**:   Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officer Delgado admits that he did not review the parenting order, but instead

relied upon Officer McCallum's reading of the order. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

6. McCallum reviewed only one of the multiple orders that governed Haligas and Howard's parenting agreement, and the order he read was not the order that set out what to do in the event M.H. was ill. ECF No. 96-7, Howard Dep. 63:4–11; 1/8/20 Agreed Order, attached hereto as **Exhibit 3.**

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Further, to the extent that this paragraph implies Officers were ever made aware of an order pertaining to what to do if M.H. was sick existed, it is misleading and not supported by the record. DSOF ¶ 20, 55. For that reason, this purported fact is improper and should therefore be stricken. *See Brown,* 2011 WL 6753995, at *4; *see also Cady*, 467 F. 3d at 1060. Without waiving their objection, Officer McCallum admits that he read one order – the one provided to him by Kevin Howard.

7. McCallum did not read every word of the order he reviewed. ECF No. 96-5, McCallum Dep. 79:22–80:7.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officer McCallum admits that he did not read every word of the order, but rather read the order to the extent that it was relevant to the dispute at hand. Regardless, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

8. McCallum did not understand all the order language he read. ECF No. 96-5, McCallum Dep. 81:23–82:19 (McCallum conceding there was some order language he did not understand, but rather was confused by).

**RESPONSE**:   Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Further, to the extent that this paragraph is written to imply that McCallum "did not understand all the order language he read," it is confusing, misleading, and not supported by the record. While Officer McCallum found some of the order to be confusing, he understood what he believed to be the material aspects of the order, to wit: That Kevin Howard's parenting time had already begun, and that Plaintiff was refusing to turn over M.H. See DSOF, **Ex. E**, *McCallum Deposition*, 208:20 – 209:1; *Id.* at 209:13 – 210:2.  Therefore, this purported fact is improper and should therefore be stricken. *See Brown,* 2011 WL 6753995, at *4; *see also Cady*, 467 F. 3d at 1060. Without waiving their objection, Officer McCallum admits that he found portions of the parenting agreement to be confusing.

9.     Based on McCallum's confused comments about the order as he and Delgado walked to and rode the elevator up to Haligas's apartment, a jury could infer that Delgado knew McCallum did not understand the order language McCallum had read. ECF 96-9, Delgado video 7:40-8:30.

**RESPONSE**:   Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact is improper, as Plaintiff is making a legal conclusion as to what a jury would be entitled to decide. As such, it is not a fact, but conjecture. See *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts."). Further, the use of the phrase "confused comments" is argumentative, vague, misleading, and unsupported by the record. Therefore, this purported fact is improper and should therefore be stricken. *See Brown,* 2011 WL 6753995, at *4; *see also Cady*, 467 F. 3d at 1060.

10.     Defendants knew the reason Haligas did not turn M.H. over to Howard promptly at 3 p.m. was that M.H. had been ill and vomiting all night and had therefore gotten little rest. As a result, Haligas was waiting for her son to wake up from his nap naturally before bringing him to his dad. ECF No. 96-5, McCallum Dep. 81:11–22 ("Q. You don't dispute then, that the reason Ms.

Haligas gave for not turning over [M.H.] was that he was ill, correct? A. Yes—no, I don't dispute that."); *id.* at 197:13–16; ECF No. 96-9, Delgado video 9:00–10:08.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Defendants admit that they were told by Plaintiff that the reason she was not turning over M.H. to Howard was because M.H. had been sick and was taking a nap. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

11. Defendants had no doubt M.H. was genuinely sick. ECF No. 96-6, Delgado Dep.119:16–18; ECF No. 96-5, McCallum Dep. 81:1–6 (Howard told McCallum M.H. was sick, and McCallum read Haligas's messages to Howard reporting same); *id.* at 105:18–22 (McCallum had no reason to doubt M.H. had been sick).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact intentionally rephrases the testimony of Officer McCallum to suggest that he believed there was "no doubt M.H. was genuinely sick," when, in fact, Officer McCallum testified only that he had no reason to doubt Plaintiff when she said that M.H. had been sick. DSOF, **Ex. E**, *McCallum Deposition*, 105:18–22. Therefore, the cited testimony does not support Plaintiff's additional fact and this paragraph should be stricken as Plaintiff has mischaracterized the testimony. *See Brown,* 2011 WL 6753995, at *4; *see also Cady*, 467 F. 3d at 1060.

12. Defendants concede that after McCallum's review of the information he saw on Howard's phone and their conversation with Howard, they did not have enough information reasonably to conclude that Haligas was committing a crime. ECF No. 96-5, McCallum Dep. 92:3–93:11 (summarizing all the information Defendants had before speaking to Haligas and agreeing, at that time, they "did not have enough information to conclude that a crime was being committed); ECF No. 96-6, Delgado Dep. 76:22–77:14.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objections, Officers had probable cause to believe that Plaintiff was in violation of the order, but wanted to hear from Plaintiff whether there was any legal justification for her refusal to comply with the order. See DSOF, **Ex. E**, *McCallum Deposition*, 111:18—112:8.

13.     Defendants knew they needed to gather information from Haligas to understand if she was committing a crime. ECF No. 96-5, McCallum Dep. 94:6–23; *id.* at 95:10–21.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Defendants had probable cause to believe that Plaintiff was in violation of the order, but wanted to hear from Plaintiff whether there was any legal justification for her refusal to comply with the order. DSOF, **Ex. E**, *McCallum Deposition*, 111:18—112:8.

14.     Haligas told Defendants they did not understand the order language correctly. ECF No. 96-6, Delgado Dep. 147:10–149:11; *id.* at 153:10–22.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that Plaintiff told them that they did not understand the order. Plaintiff, however, never alerted Officers to any provision in any order that dealt specifically with what to do in instances where M.H. was sick; nor did Plaintiff tell Officers about any provision, or any order, that would contradict the order provided by Howard that Officer McCallum had already read. DSOF ¶ 20; *Id.*, **Ex. E**, *McCallum Deposition*, 113:1-6:

> [Officer McCallum] A. I didn't know what portion of the order that she wanted to show me. She just discussed that she wanted to show --
> she wanted to show me the order, and she kept relating that he was

sick. But she never related the two -- that there was anything in the
order about sickness.

Therefore, since Plaintiff has mischaracterized the evidence and this paragraph should be stricken. *See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011); *see also Cady v. Sheahan,* F. 3d 1057, 1060 (7th Cir. 2006).

15.     Defendants did not allow Haligas to show them the portions of the order that supported her position that she was not obligated to turn M.H. over to Howard at exactly 3 p.m. on January 31, 2020. ECF No. 96-5, McCallum Dep. 98:3–8 (McCallum conceding he turned down Haligas's offer to show him order language); *id.* at 98:20–99:10 (same); *id* at 101:3–13 (McCallum conceding he didn't let Haligas show him the language she was relying on because he didn't think it would change his mind); *id.* at 114:8–15 (McCallum testifying he decided Haligas had no valid defense to Howard's accusation "without looking at the language" she wanted to show him); *id.* at 202:17–204:24 (McCallum conceding that, while she was still calm, Haligas offered to show Defendants the order language she was relying on, explaining they misunderstood what they'd read, and they turned her down); ECF No. 96-6, Delgado Dep. 147:10–149:14; Ex. 5, Higgins Dep. 138:24–140:3 (acknowledging Haligas pleaded with McCallum to show him the court order and McCallum said "no").

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Defendants admit that Plaintiff offered, vaguely, to show Officer McCallum language contained within a parenting agreement, but never did Plaintiff suggest that the language differed in any way from the order Officer McCallum had already read. See DSOF ¶ 20, 55; *Id.*, **Ex. D**, Pl.'s Deposition 197:11-16, 201:4-9; *Id.*, **Ex. E**, *McCallum Deposition*, 113:1-6 ("[Officer McCallum]. I didn't know what portion of the order that she wanted to show me. She just discussed that she wanted to show – she wanted to show me the order, and she kept relating that he was sick. But she never related the two – that there was anything in the order about sickness."),  Moreover, to the extent that this purported fact implies that Howard's time did not begin at 3 p.m. in accordance with the parenting agreement, that is not supported by any citations, and is contradicted by the parenting agreement that Officer McCallum had read, the authenticity of which is undisputed. See Plaintiff's

**Exhibit 3**, *1/8/20 Agreed Order*; *Pl.'s Deposition* at 97:19-23 (acknowledging that the January 8th order was the most recent parenting agreement order between Plaintiff and Howard)**.** Additionally, this purported fact implies that Plaintiff sought to show Officer McCallum specific language from the parenting order, but that, too, is unsupported by any of the cited testimony, and, in fact, is contradicted by the record. DSOF ¶ 20.

16.    Nothing prevented Defendants from asking for the orders they had not seen. ECF No. 96-5, McCallum Dep. 88:2–10 (McCallum knew he'd seen only one order, and nothing stopped him from asking for the others).

**RESPONSE**:   Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Defendants object further that this purported fact is confusing and vague. To the extent this purported fact suggests that Officers should have asked Plaintiff for all prior orders relating to the parenting agreement, it is argumentative and should therefore be stricken. *See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011). Further, at the point that Plaintiff ordered Officers to leave her apartment, there was no longer any opportunity to ask for additional orders. During the interaction between Officers and Plaintiff within the apartment, Plaintiff never told Officers of any language or any order that would have contradicted the order that Officer McCallum was shown by Howard. See DSOF ¶ 20, 55; *Id.,* **Ex. D**, *Pl.'s Deposition* at 197:11-16, 201:4-9. By the terms of the order Officer McCallum read, Plaintiff was violating the parenting agreement by refusing to turn over M.H. during Howard's parenting time. No provision regarding what to do if M.H. was sick was ever brought to the attention of Officers either before or after Plaintiff's arrest. DSOF ¶ 20, 55; *Id*, **Ex. E**, *McCallum Deposition*, 113:1-6 ("[Officer McCallum]. I didn't know what portion of the order that she wanted to show me. She just discussed that she wanted to show -- she wanted to show me the order, and she kept relating that he was sick. But she never related the two -- that there was anything in the order about sickness.") Therefore, Defendants further object as Plaintiff has mischaracterized the

evidence and this paragraph should be stricken. *See Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); *see also Cady v. Sheahan*, F. 3d 1057, 1060 (7th Cir. 2006).

17.    Defendants also turned down Haligas's offer to speak with M.H.'s child advocate so that the advocate could explain what the parenting agreement required. *See, e.g.,* ECF No. 965, McCallum Dep. 103:17–21.

**RESPONSE**:   Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that they declined Plaintiff's offer to call the child advocate. As Officer McCallum explained at his deposition, he could not be sure who Plaintiff was calling, what the role of a child advocate might be in such a situation, or whether the child advocate would have the authority to override the order issued by a judge. DSOF, **Ex. E**, *McCallum Deposition*, 103:17 – 104:4. As Officer McCallum testified:

> [Plaintiff's Counsel]. Ms. Haligas offered to put you in touch with the child advocate, correct?
> [Officer McCallum]. Yes.
> Q. And you turned down that offer, correct?
> A. Yes.
> Q. Why did you turn down that offer?
> A. I don't know who she'd be calling. It could be a friend. It could be anyone. I can't trust somebody on the opposite side of the phone. And I don't know what the child advocate actually does. I have no legal understanding on if they have any say or what it would help me with in this investigation.

*Id.* at 103:17 – 104:4. Therefore, Defendants further object as Plaintiff has mischaracterized the evidence and this paragraph should be stricken. *See Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011); *see also Cady v. Sheahan*, F. 3d 1057, 1060 (7th Cir. 2006).

18.    A jury could find Defendants relied primarily on Kevin Howard's word for their belief that Howard was entitled to pick up M.H. any time after 3 p.m. on January 31, 2020. ECF No. 96-6,

Delgado Dep. 220:2–22 (Delgado conceding the officers went to Haligas's apartment, seized M.H., and brought M.H. down to Howard without ever asking Howard to show identification.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Further, this purported fact contains a legal conclusion about what a "jury could find . . ." What a jury *could* find is not a fact that would require the denial of summary judgment. Rather, that is Plaintiff's argument for why summary judgment is unwarranted. Arguments, however, do not belong in a response to a 56.1 statement of facts. See *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir.2006)(Purpose of 56.1 is not to make factual or legal arguments); *Malec*, 191 F.R.D. at 583("A rule 56.1(b)(3)(A) response is not the place for purely argumentative denials); *Boyd*, 2016 WL 7157354, *3 (citing *Basta v. Am. Hotel Register Co.*, 872 F. Supp. 2d 694, 700 (N.D. Ill. Jan. 11, 2012)("The non-movant's response to the movant's statement of facts and statement of additional facts must represent only material facts and are not the proper province of argumentative or conclusory allegations.") Additionally, Officers deny that they "relied primarily on Kevin Howard's word." In fact, Officers read a parenting order indicating that Howard's time had begun. Said order was signed by a judge, the authenticity was never disputed, and, as it turned out, it was exactly what it purported to be. See Plaintiff's **Exhibit 3**, *1/8/20 Agreed Order*. Because this paragraph is not a fact, but an argument, this paragraph should be stricken. *See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011); *see also Cady v. Sheahan*, F. 3d 1057, 1060 (7th Cir. 2006).

19.    Defendants knew Howard was not a trustworthy source of information about the parenting time order's requirements. ECF No. 96-5, McCallum Dep. 90:2–5 (McCallum conceding it wouldn't be right to rely on Howard's word about what was in the order); *id.* at 90:15–21 ("I would not rely on his word alone."); *id.* at 193:9–25 (McCallum concluded Howard and Haligas did not have a good relationship); ECF No. 96-9, Delgado Dep. 137:12–17 (Delgado conceding he didn't have a reason to believe Howard's characterization of the order); ECF No. 96-7, Howard Dep. 11:12–18 (Howard testifying he and Haligas did not have a good relationship).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact, again, spins the testimony of Officer McCallum to give it a different meaning. Defendants deny that they "knew Howard was not a trustworthy source of information about the parenting time order's requirements." What McCallum actually testified to is that he did not believe Howard's should be the only word on the matter. DSOF ¶ 15; *Id.*, **Ex. E**, *McCallum Deposition*, 90:15-21. Instead, Officers resolved to speak to Plaintiff in order to get her side of the story. DSOF ¶ 15; *Id.*. **Ex. E**, *McCallum Deposition*, 92:14-22. "[Officer McCallum]. I tried to get both sides of the -- or both parties -- both sides of the matter, if it's this or any other type of arrest, to see if they have a defense on why they're being -- what they're being accused of is incorrect."). Therefore, Defendants further object as Plaintiff has grossly mischaracterized the evidence in an attempt to mislead this Court and therefore this paragraph should be stricken. *See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011); *see also Cady v. Sheahan*, F. 3d 1057, 1060 (7th Cir. 2006).

20. A jury could find it was obvious that Haligas intended to turn M.H. over to his father the moment M.H. awoke from his nap: Haligas showed the officers M.H.'s packed bag and told them as much (though they denied hearing her say those words at their depositions). ECF No.96-6, Delgado Dep. 146:8–17; ECF No. 96-9, Delgado video 9:48–10:08

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact is argumentative, and, further, speculates about what a jury might find "obvious." Moreover, what Plaintiff's intention was once M.H. woke up from his nap is irrelevant. Rather, the Officers were aware, from having reviewed the parenting agreement order, that Howard's parenting time had begun, and that Plaintiff was refusing to turn over M.H. to Howard. Arguments, however, do not belong in a response to a 56.1 statement of facts. See *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir.2006)(Purpose of 56.1 is not to make factual or legal arguments); *Malec*, 191 F.R.D. at 583("A

rule 56.1(b)(3)(A) response is not the place for purely argumentative denials); *Boyd*, 2016 WL 7157354, *3 (citing *Basta v. Am. Hotel Register Co.*, 872 F. Supp. 2d 694, 700 (N.D. Ill. Jan. 11, 2012)("The non-movant's response to the movant's statement of facts and statement of additional facts must represent only material facts and are not the proper province of argumentative or conclusory allegations.") Because this paragraph is not a fact, but rather, is argumentative, it should therefore be stricken. *See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011); *see also Cady v. Sheahan,* F. 3d 1057, 1060 (7th Cir. 2006).

### B. Defendants Arrested Haligas Without Cause

21.     After backing Haligas into the corner of her kitchen, Defendants decided to arrest her for unlawful violation of parenting time. Ex. 5, Higgins Dep. 78:22–24 (Defendants' supervisor referring to parental visitation as the "initial charge").

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that they attempted to back Plaintiff towards the back of the kitchen in order to prevent her from gaining access to potential weapons within the kitchen. DSOF ¶¶ 42-43. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

22.     Both Defendants approached Haligas and handcuffed her. ECF No. 96-9, Delgado video 12:05–13:45.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that they approached Plaintiff and attempted to handcuff her.

23.     Haligas did not use her body weight to resist the handcuffing, but the officers pulled her to the ground anyway, and then pulled her up again. ECF No. 96-4, Haligas Dep. 167:1–22; 170:16–177:8; 178:4–12.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact is contradicted by the body worn camera ("BWC"), which shows that Plaintiff was not "pulled to the ground," but rather that Plaintiff went to the ground voluntarily in an effort to evade arrest. DSOF ¶ 51.

24.     A jury could find that Defendants arrested Haligas because they felt she wouldn't calm down, not because they reasonably suspected her of committing any crime. ECF No. 96-5, McCallum Dep. 226:24–227:21; ECF No. 96-9, Delgado video 12:05–13:45 (McCallum and Delgado answering Haligas's question "why are you doing this?" each by saying "because you won't calm down"; McCallum then explaining to Haligas's fiancé: "that's why she's going to jail. Because I told her to calm down").

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact speculates about what a jury "could find." As such, this is not so much a fact as an inappropriate legal argument. Arguments, however, do not belong in a response to a 56.1 statement of facts. See *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir.2006)(Purpose of 56.1 is not to make factual or legal arguments); *Malec*, 191 F.R.D. at 583("A rule 56.1(b)(3)(A) response is not the place for purely argumentative denials); *Boyd*, 2016 WL 7157354, *3 (citing *Basta v. Am. Hotel Register Co.*, 872 F. Supp. 2d 694, 700 (N.D. Ill. Jan. 11, 2012)("The non-movant's response to the movant's statement of facts and statement of additional facts must represent only material facts and are not the proper province of argumentative or conclusory allegations."); *see also Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006) (Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" may be stricken.)

**C. Defendants Did Not Reasonably Believe Haligas Presented Any Threat of Harm**

25.    When Defendants first spoke with Haligas, she was calm and respectful. ECF No. 96-5, McCallum Dep. 107:11–19.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that, initially, Plaintiff was relatively calm. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

26.    Haligas was wearing only a nightgown before McCallum handcuffed her. ECF No. 96-5, McCallum Dep. 119:18–120:4.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that Plaintiff was wearing a nightgown when Officers entered her apartment, and when she was placed into custody. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

27.    Haligas weighed 125 pounds, less than McCallum. ECF No. 96-5, McCallum Dep. 120:13–15.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that Plaintiff weighed less than McCallum. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

28.    Haligas was unarmed during Defendants' encounter with her. ECF No. 96-5, McCallum Dep. 120:16–121:1 (Haligas never brandished a weapon, threatened to brandish a weapon, or threatened physical harm to the officers); ECF No. 96-6, Delgado Dep. 256:12–258:8 (reviewing and adopting use of force report in which Delgado documented that Haligas was unarmed).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit Plaintiff was unarmed during their encounter with her. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

29.     McCallum did not believe Haligas was going to use any weapon against him. ECF No. 96-5, McCallum Dep. 122:10–13.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Officer McCallum admits that he did not believe Plaintiff was going to use a weapon against him, but he testified that it was entirely possible that, given Plaintiff's heightened state of agitation, combined with the fact that the two were in a kitchen surrounded by items that might be used as a weapon, that Plaintiff could have posed a danger. DSOF ¶¶ 42-43; *Id.*, **Ex. E**, *McCallum Deposition*, 128:17-22; *Id.*, at 129:18 – 130:16.

30.     Though Delgado claimed at his deposition—more than three years after the arrest—that he considered Haligas's cell phone a potential weapon, he conceded that he could have, but did not, check the box on his use of force report indicating Haligas presented a threat of battery with a weapon. ECF No. 96-6, Delgado Dep. 257:18–258:8.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Moreover, this purported fact is argumentative (calling into question the veracity of Officer Delgado's testimony). Arguments, however, do not belong in a response to a 56.1 statement of facts. See *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir.2006)(Purpose of 56.1 is not to make factual or legal arguments); *Malec*, 191 F.R.D. at 583("A rule 56.1(b)(3)(A) response is not the place for purely argumentative

denials); *Boyd*, 2016 WL 7157354, \*3 (citing *Basta v. Am. Hotel Register Co.*, 872 F. Supp. 2d 694, 700

(N.D. Ill. Jan. 11, 2012)("The non-movant's response to the movant's statement of facts and statement

of additional facts must represent only material facts and are not the proper province of argumentative

or conclusory allegations.") Without waiving their objections, Officer Delgado admits that he did not

check the box on his use of force report indicating that Plaintiff posed a threat of battery with a

weapon. However, this fact, if deemed admitted, is not a material fact that would preclude an award

of summary judgment in Defendants' favor.

31.     Defendants concluded Haligas did not present a threat of battery to them at any time.
ECF No. 96-5, McCallum Dep. 275:23–277:13; ECF No. 96-6, Delgado Dep.256:12–258:8 (reviewing
and adopting use of force report documenting that Haligas did not present an imminent threat of battery,
had no weapon, and did not physically attack the officers without a weapon).

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C),

in that none of the purported facts contained herein require the denial of summary judgment. As

Officer McCallum testified, Plaintiff's positioning in the kitchen, in conjunction with her actions

towards Officers, compelled Officer McCallum to place her into custody as quickly as possible. DSOF

¶¶ 42-43.

32.     McCallum threatened to take Haligas to jail multiple times despite knowing that violation
of parenting time is a petty offense, which is not punishable by any term of imprisonment. ECF No. 96-
5, McCallum Dep. 139:19–140:17; *id.* at 215:17–217:12 (while Haligas was still calm, McCallum
threatened to take her to jail twice); Ex. 4, Benigno Dep. 39:6–40:7 (Defendants were trained that
unlawful violation of parenting time is a petty office the first time it is committed, meaning it cannot
result in jail time).

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C),

in that none of the purported facts contained herein require the denial of summary judgment. Further,

to the extent that this purported fact suggests that Unlawful Visitation Interference is not an arrestable

offense, such a "fact" is really a legal argument, and in any event, incorrect. See *Defendants' Memorandum*

*of Law in Support of Summary Judgment*, (ECF No. 97). Without waiving their objection, Officer

McCallum admits he advised Plaintiff should we be arrested for failing to comply with the January 8th

parenting agreement. Moreover, the citation to Lt. Benigno's deposition is misleading, as Lt. Benigno

testified that Officers could arrest for a first-time violation of Unlawful Visitation Interference under

various circumstances. PSOAF, **Ex. 4**, *Lt. Benigno Deposition*, 42:4-20; 43:1-16; 44:5-9.

     33.    A jury could find McCallum tried to snatch Plaintiff's cell phone out of her hand after
she told him she planned to call 911 for help. ECF No. 96-9, Delgado video 12:01–12:17.

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C),

in that none of the purported facts contained herein require the denial of summary judgment. This

purported fact speculates about what a jury "could find," and is therefore improper and argumentative.

*See Brown v. Advocate South Suburban Hosp.,* 2011 WL 6753995, at *4 (N.D. Ill. 2011) (striking portions

of the plaintiffs' additional statement of facts that mischaracterize the evidence on which they purport

to rely); *see also Cady v. Sheahan*, 467 F. 3d 1057, 1060 (7th Cir. 2006) (Rule 56.1 statements that contain

"irrelevant information, legal arguments, and conjecture" may be stricken.) Regardless, Officer

McCallum denies that he reached for Plaintiff's phone. Officer McCallum testified that he reached for

Plaintiff's wrist in order to place her into custody. DSOF, **Ex. E**, McCallum Deposition, 132:12-14

("I never said I was trying to reach for the phone. I was not trying to reach for a phone. I was trying

to reach for her hand to handcuff her.")

     34.    Haligas's words did not support a reasonable belief that she was resisting arrest. Ex. 4,
Benigno Dep. 113:12–18 (telling McCallum she was not violating the parenting agreement and that
McCallum did not understand the agreement is not resistance); *id.* at 113:19–25 (telling McCallum she
would not turn her son over to his father is not resistance); Higgins Dep. 35:19– 36:11, attached as
Exhibit 5 (yelling, crying, and asking police to go away and leave her alone are not forms of resisting
arrest).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that Plaintiff's words alone, if viewed in a vacuum, did not constitute resisting arrest. Defendants deny, however, that Plaintiff was not resisting arrest under the totality of circumstances. As Lt. Benigno testified, backing up is a form of active resistance. PSOAF, **Ex. 4**, *Lt. Benigno Deposition*, 111:23-25 ("[Plaintiff's Counsel] Q. Is backing up a form of passive resistance? [Lt. Benigno] A. That's active resistance."); See also, PSOAF, **Ex. 5**, *Sgt. Higgins Deposition*, ("[Sgt. Higgins] A. Backing up would be active resistance.").

35. While Defendants discussed their investigation with their supervisor, Sgt. John Higgins, who later came to the scene, Higgins reacted in a manner suggesting he found their conduct reckless, twice exclaiming, "Holy fuck!". *See* ECF No. 96-10, Higgins video at 21:4021:59; ECF No. 96-9, Delgado video 48:00-48:23.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. This purported fact is argumentative, speculating about hidden meanings behind Higgins' exclamations. Further, it ascribes to the exclamation a meaning that was refuted by Sgt. Higgins himself. Plaintiff's counsel asked Sgt. Higgins directly about what he had meant.

> [Plaintiff's Counsel]. What were you angry about?
>
> [Sgt. Higgins]. That we didn't have the information from the order. At the time I was unaware that the stuff could be emailed."

PSOAF, **Ex. 5**, *Sgt. Higgins Deposition*, 152:19-24. In fact, Sgt. Higgins testified that he believed the Officers acted appropriately under the circumstances. *Id.* at 207:17 ("I think the officers acted correctly.") Therefore, this paragraph should be stricken. *See Brown v. Advocate South Suburban Hosp.*, 2011 WL 6753995, at *4 (N.D. Ill. 2011) (striking portions of the plaintiffs' additional statement of facts that mischaracterize the evidence on which they purport to rely); *see also Cady v. Sheahan*, 467 F.

3d 1057, 1060 (7th Cir. 2006) (Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" may be stricken.)

### D. Defendants Used Unnecessary Force Against Haligas

36.     Defendants used force against Haligas on January 31, 2020 when they handcuffed, and after they handcuffed, her. ECF No. 96-5, McCallum Dep. 115:11–116:2; ECF No. 96-9, Delgado video 12:05–14:35 (Haligas crying in pain, "Look at my wrist! Look at my wrist! Ow look at my wrist!" and "Help me!" until McCallum tells her, "Stop it," and "We know."); ECF No. 96-6, Delgado Dep. 212:19–213:25 (testifying that later in the arrest McCallum held a handcuffed Haligas in a "control technique," and he offered to take over because the "control hold" is "taxing" and he assumed McCallum was "tired").

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that they used "force" in arresting Plaintiff only to the extent that was necessary to place her into handcuffs, and to keep her in custody until a sergeant arrived. Defendants deny that any of the force used to bring Plaintiff into custody was excessive. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

37.     The only reason McCallum used force against Haligas was that she did not put her hands behind her back and allow him to handcuff her after he decided to arrest her for violating the parenting agreement. ECF No. 96-5, McCallum Dep. 117:23–118:8; *see also id.* at 279:1–11 (conceding Haligas did not intentionally injure either officer during her arrest).

**RESPONSE**:  Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officer McCallum admits that, to the extent that he used "force" to arrest Plaintiff, it was only in proportion to what was necessary to overcome her resistance to being

handcuffed. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

38. Stiffening or dead weight is a form of passive resistance. Ex. 4, Benigno Dep. 112:1–3; ECF No. 96-5, McCallum Dep. 45:11–14.

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that stiffening your body or going "dead weight" are, in a vacuum, generally forms of passive resistance. However, this fact, if deemed admitted, is not a material fact that would preclude an award of summary judgment in Defendants' favor.

39. Before arresting Haligas, Defendants failed to employ any mitigation tactics in which they were trained, including adjusting verbal commands; switching the officer giving verbal directions; creating time, distance, and space between the officer and the subject; and requesting additional personnel to come to the scene. ECF No. 96-5, McCallum Dep. 124:5–11 (McCallum conceding he didn't consider using any de-escalation tactics before the arrest); Ex. 4, Benigno Dep. 121:6–25 (summarizing mitigation tactics on which Defendants were trained); *id.* at 123:10– 13 (discussing distance as a mitigation tactic; *id.* at 124:10–25 (discussing time as a mitigation tactic).

**RESPONSE**: Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Defendants deny that the employment of "mitigation tactics" was appropriate in this case. Here, Officers and Plaintiff were discussing the contents of the parenting agreement inside Plaintiff's apartment. Plaintiff then grew irate, ordering Officers out of her apartment. At that point, following Plaintiff's refusal to engage in further discussion, the investigation was effectively over, and Officer McCallum had probable cause to arrest Plaintiff for Unlawful Visitation Interference. Given the circumstances, there was no justification for employing mitigation tactics, but rather, given Plaintiff's heightened state of agitation, Officers believed it necessary to get Plaintiff into custody in order to

calm the situation, and Officers were justified in placing Plaintiff in custody based upon probable cause. DSOF, **Ex. E**, *McCallum Deposition,* 227:1-19.

40.     Haligas suffered pain, swelling and a contusion from Defendants' use of force against her. Ex. 5, Higgins Dep. 173:23–174:12; *id.* at 181:7–21; ECF No. 96-13, Kaput Dep. 49:16–20 (medical provider who treated Haligas the day after the use of force had no reason to doubt her reports of pain); photographs of injuries, attached hereto as **Group Exhibit 7**.

**RESPONSE**:   Defendants object that this paragraph fails to comply with Local Rule 56.1(b)(3)(C), in that none of the purported facts contained herein require the denial of summary judgment. Without waiving their objection, Officers admit that Plaintiff saw a treating physician the following day for two reasons – one of which was unrelated to this incident – although she also complained of wrist pain resulting from her arrest. Plaintiff's treating physician, Dr. Martinez, formed no opinions or conclusions as to the level of force used by Officers, and knew nothing of the events surrounding this incident except what she had been told by Plaintiff. DSOF, **Ex. M**, Dr. Martinez Deposition, 47:17-20, 50:5-10. Plaintiff's x-rays came back negative, and she was prescribed no medication. See DSOF ¶ 73-74; *Id.*, **Ex. M**, *Dr. Martinez Deposition*, 36:3; *Id.* at 44:3-4.

Respectfully submitted,

/s/ *Tyler D. Michals*
Tyler D. Michals
Assistant Corporation Counsel

Jessica L. Griff, Assistant Corporation Counsel Supervisor
Tyler D. Michals, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-2826
Attorney No. 6309134
Jessica.Griff@cityofchicago.org

Tyler.Michals@cityofchicago.org
*Attorneys for the Defendant Officers*

*/s/ Maxwell Evan Lisy*
MAXWELL EVAN LISY
Assistant Corporation Counsel Supervisor

Maxwell Evan Lisy, Assistant Corporation Counsel Supervisor
William Cook, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-0305
Attorney No.: 6321014
Maxwell.lisy@cityofchicago.org
*Counsel for Defendant City of Chicago*

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be filed with the Northern District of Illinois ECF System on this 27th day of March 2024, thereby serving a copy on all counsel of record.

*/s/ Tyler D. Michals*
Assistant Corporation Counsel